IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MICHAEL WAYNE ASKEY §

VS. § CIVIL ACTION NO. 1:01cv196

R. TARVER, ET AL. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Wayne Askey, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The above-styled lawsuit has been consolidated with civil action numbers 1:01cv194 and 1:01cv195. In his consolidated actions, plaintiff complains about uses of force that occurred on June 14, 1996, June 15, 1996 and June 16, 1996.

Defendants Floyd Allison, Michael Lucia and Shane McBride have filed a motion (doc. no. 38) concerning the use of force that occurred on June 14, 1996. Plaintiff alleges that on such date these defendants used excessive force against him. Plaintiff has filed a response to the motion for summary judgment. The motion is therefore ripe for consideration.

### The Motion for Summary Judgment

Defendants Allison, Lucia and McBride assert they are entitled to summary judgment because they were not personally involved in the use of force that occurred on June 14, 1996. Defendant Allison has submitted an affidavit stating he did not begin working at the Stiles Unit until July 2, 1996. Defendant

Lucia has submitted an affidavit stating he was not on duty on June 14. Defendant McBride has submitted an affidavit stating he was not assigned to the cell removal team on June 14 and did not participate in the use of force. They have also submitted a copy of the Major Use of Force Report prepared in connection with the incident on June 14 which does not list them as being participants, as well as a duty roster supporting the statements made in their affidavits.

## Plaintiff's Response

In documents filed with the court, plaintiff acknowledges Floyd Allison was not present at the Stiles Unit on June 14, 1996. However, he maintains that defendants McBride and Lucia were present and participated in the use of force. In his complaint, plaintiff alleges defendants McBride and Lucia assaulted him by jumping up and down on him and punching him in the head and body. Plaintiff declared that the statements made in his complaint were true and correct under penalty of perjury.

## Procedural Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In essence, a defen-

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

dant moving for summary judgment argues that while the plaintiff may have stated a cognizable cause of action, the plaintiff has no evidence to prove one or more of the essential elements of his claim. The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

When the non-movant bears the burden of proof at trial, "simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Russ v. International Paper Co.,* 943 F.2d 589 (5th Cir. 1991). The party moving for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett,* 477 U.S. at 317.; *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1221-23 (5th Cir. 1985). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317 (1986).

In deciding a motion for summary judgment, the court must first consult the applicable substantive law to determine what facts and issues are material. *King v. Chide*, 974 F.2d 653 (5th Cir. 1992). The court then reviews the evidence relating to those issues, viewing the facts and inferences in the light most favorable to the non-movant. *Id*. If the non-movant sets forth specific facts in support of allegations essential to his claim,

a genuine issue is presented.  *Celotex Corp. v. Catrett*, 417 U.S. at 317.

Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously. *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980).

## Analysis

### A. Legal Standard

An excessive use of force claim brought by a convicted prisoner is judged against the "cruel and unusual punishment" standard found in the Eighth Amendment, as interpreted by the Supreme Court.  The Supreme Court has stated that "[w]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*:  whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

### B. Application

Defendants Allison, Lucia and McBride seek summary judgment because, as they were not present during the use of force on June 14, they were not personally involved in the use of force.  As

plaintiff concedes defendant Floyd Allison was not present during the use of force, he is entitled to judgment as a matter of law.

However, the situation is different with respect to defendants Lucia and McBride. If the statements contained in the motion for summary judgment, particularly the sworn affidavits of defendants Lucia and McBride that they were not present during the use of force, could be taken as true, they would be entitled to judgment as a matter of law. However, plaintiff maintains they were present during the use of force and has submitted competent summary judgment evidence in support of his contention. It would not be appropriate to resolve such a factual dispute on a motion for summary judgment. The determination as to whether defendants Lucia and McBride were present during the use of force on June 14, 1996, is best left for the finder of fact. As there is a genuine dispute as to whether defendants Lucia and McBride were present during the use of force, they are not entitled to judgment as a matter of law.[2]

ORDER

For the reasons set forth above, the motion for summary judgment is **GRANTED** with respect to the claim against defendant Floyd Allison and **DENIED** with respect to the claim against

---

[2] Defendants Lucia and McBride also assert the defense of qualified immunity. The right of a prisoner to be free from an excessive use of force was clearly established at the time of the events at issue in this lawsuit. Moreover, plaintiff's allegations, accepted as true, do not permit the conclusion that the conduct of these defendants were objectively reasonable. These defendants are therefore not entitled to have the claim against them dismissed on the basis of qualified immunity.

defendants Michael Lucia and Shane McBride.  Defendant Allison is hereby **DISMISSED** from this lawsuit.

**SIGNED** this the **28** day of **March, 2012.**

_____
Thad Heartfield
United States District Judge